UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| UNITED STATES OF AMERICA | CRIMINAL ACTION |
|---|---|
| VERSUS | NO. 15-104 |
| MORRIS LITTLES | SECTION "R" (5) |

## ORDER AND REASONS

Before the Court are defendant Morris Littles' motion for compassionate release,[1] and two motions for appointment of counsel.[2] The Government opposes the motion for compassionate release.[3] For the following reasons, the Court denies Littles' motions.

## I. BACKGROUND

On June 29, 2016, Morris Littles pleaded guilty to four counts of an indictment.[4] Count One of the indictment charged Littles with conspiracy to distribute and to possess with the intent to distribute one kilogram or more of a mixture or substance containing a detectable amount of heroin, in

---

[1]   R. Doc. 57.
[2]   R. Docs. 58, 61.
[3]   R. Doc. 60.
[4]   R. Doc. 43.

violation of 21 U.S.C. § 846.[5] Counts Two, Three, and Four charged Littles with distributing a quantity of a mixture or substance containing a detectable amount of heroin on, respectively, April 17, 2013, February 13, 2014, and February 25, 2014, in violation of 21 U.S.C. § 841(a)(1).[6]

According to the factual basis Littles signed, special agents of the Drug Enforcement Administration ("DEA") conducted three controlled purchases of heroin from Littles on April 17, 2013, February 13, 2014, and February 25, 2014.[7] In March 2015, the Government obtained a warrant to monitor a phone in Littles' possession.[8] During the period when the wire was active, the Government intercepted calls between defendant and his brother, Justin Littles, regarding their drug trafficking activities.[9] In the factual basis, Littles stipulated that he was responsible for at least one kilogram but less than three kilograms of heroin.[10]

On October 5, 2016, the Court sentenced Littles to 120 months imprisonment as to Count One of the indictment, and 97 months as to each of Counts Two, Three, and Four, with all terms to be served concurrently.[11]

---

5   R. Doc. 1 at 1-2.
6   *Id.* at 2-4.
7   R. Doc. 47 at 1-3.
8   *Id.* at 3.
9   *Id.*
10  *Id.* at 4.
11  R. Doc. 55 at 2.

The Court also sentenced Littles to a period of supervised release following his term of imprisonment, consisting of five years as to Count One, and three years each for Counts Two, Three, and Four, all terms to be served concurrently.[12] Littles is incarcerated at Oklahoma City FTC.[13] He has a projected release date of January 3, 2024.[14]

II. DISCUSSION

A. Motions for Appointment of Counsel

Littles moves the Court to appoint counsel in connection with his request for compassionate release.[15] But there is no constitutional or statutory right to counsel beyond direct appeal. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("[T]he right to appointed counsel extends to the first appeal of right, and no further."). A Court may appoint counsel in a compassionate release proceeding if it finds that doing so would be "in the interest of justice." *United States v. Delco*, No. 09-57, 2020 WL 4569670, at * 2 (E.D. La. Aug. 7, 2020); *United States v. Mogan*, 2020 WL 2558216, at *4 n.29 (E.D. La. May 20, 2020); *cf. United States v. Moore*, 400 F. App'x

---

[12] *Id.* at 3.
[13] *See* Federal Bureau of Prisons, Find an Inmate, https://www.bop.gov/inmateloc/ (last visited June 23, 2021).
[14] *Id.*
[15] R. Docs. 58, 61

3

851, at *1 (5th Cir. 2010) ("There is no right to appointed counsel in a § 3582(c)(2) proceeding. Moreover, the interest of justice did not require the appointment of counsel."); *United States v. Robinson*, 542 F.3d 1045, 1052 (5th Cir. 2008) (appointing counsel on appeal to argue unresolved questions of Fifth Circuit law). Little's motion, seeking compassionate release based on his rehabilitation,[16] does not involve complicated or unresolved issues of law. Accordingly, the Court finds that the interest of justice does not require the appointment of counsel. The Court denies defendant's requests for appointed counsel.

### B. Motion for Compassionate Release

Before a federal court will assess the merits of a motion for compassionate release, defendants must show that they have "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf," or that "30 days [have passed] from the receipt of such a request by the warden of the defendant's facility." 18 U.S.C. § 3582. The Fifth Circuit has clarified that "all requests for compassionate release must be presented to the Bureau of Prisons before they are litigated in the federal courts." *United States v. Franco*, 973 F.3d 465, 468 (5th Cir. 2020), *cert. denied*, No. 20-5997, 2020 WL 7132458 (U.S.

---

[16]    R. Doc. 57.

4

Dec. 7, 2020). The defendant bears the burden of demonstrating exhaustion. *See, e.g., United States v. Rodriguez*, No. 15-198, 2020 WL 5369400, at *2 (E.D. La. Sept. 8, 2020); *United States v. Murray*, No. 19-041, 2020 WL 4000858, at *2 (E.D. La. July 15, 2020); *United States v. Castro*, No. 15-309, 2020 WL 3076667, at *2 (E.D. La. June 10, 2020).

In addition, the Fifth Circuit has held that the exhaustion requirement is a "mandatory claim-processing rule." *Franco*, 973 F.3d at 468. Like other mandatory claim-processing rules, the Court must enforce the rule if a party properly raises the issue. *See id.*; *see also Pierre-Paul v. Barr*, 930 F.3d 684, 692 (5th Cir. 2019) ("A claim-processing rule is mandatory to the extent a court must enforce the rule if a party properly raises it."). Here, the Government argues that Littles failed to comply with the exhaustion requirement, so the Court must enforce the rule.[17]

Littles does not carry his burden of showing exhaustion. In his motion, Littles does not represent that he sought compassionate release through administrative means. Nor does Littles attach documentation of such a request. Because Littles has failed to carry his burden of showing exhaustion, the Court must deny Littles' motion without prejudice. *See United States v. Alam*, 960 F.3d 831, 836 (6th Cir. 2020) (holding that dismissal without

---

17    R. Doc. 60 at 3.

prejudice is appropriate when compassionate-release movants fail to exhaust administrative remedies).

## III. CONCLUSION

The Court DENIES Morris Littles' motion for compassionate release WITHOUT PREJUDICE.  The Court also DENIES defendant's motions for appointment of counsel.

New Orleans, Louisiana, this __24th__ day of June, 2021.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE